CATHERINE CASEY, PLAINTIFF-RESPONDENT, v. JAMES M. O'NEIL, DEFENDANT-APPELLANT, AND EMMA R. DAVIES, DEFENDANT-RESPONDENT.

JAMES M. O'NEIL, *ET AL.*, PLAINTIFFS, v. EMMA R. DAVIES, DEFENDANT.

RICHARD R. DAVIES, PLAINTIFF, v. JAMES M. O'NEIL, DEFENDANT.

LAURA FARROW, ETC., *ET AL.*, PLAINTIFFS - RESPONDENTS, v. JAMES M. O'NEIL, DEFENDANT-APPELLANT, AND EMMA R. DAVIES, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued May 27, 1968—Decided June 11, 1968.

Before Judges GOLDMANN, KILKENNY and CARTON.

*Mr. Gerald Kaplan* argued the cause for appellant (*Messrs. Lieb and Teich,* attorneys).

*Mr. Edward F. Neagle, Jr.* argued the cause for respondent Emma R. Davies (*Messrs. Fox, Neagle & Mastrangelo,* attorneys).

PER CURIAM. These personal injury and property damage actions arose out of a two-car collision at the Y-shaped intersection of Routes 15 and 94 in Lafayette Township.

Defendant-appellant James O'Neil was driving his car north on Route 15 along the base or stem of the Y, intending to continue up the left branch (Route 94). Defendant-respondent Emma Davies was traveling south down the right branch and came in contact with O'Neil's car as the latter turned to enter the left branch.

Various passengers sued both drivers and the drivers sued each other. In the consolidated trial limited to the issue of liability only, the jury returned a verdict absolving O'Neil but finding that Mrs. Davies had been negligent.

The trial judge granted Mrs. Davies' motion for a new trial on the ground that he had erred in refusing to give the following instruction:

"With respect to a left turn, involving as it does a movement across the path of other traffic, the risk of harm is ordinarily increased beyond that which exists when a car is proceeding along a direct course. Hence, with respect to a left turn, a reasonably prudent man would seek an opportune moment for the turn and would exercise an increased amount of care in proportion to the increased danger."

The requested instruction is derived from one approved by the Supreme Court for a U-turn situation in *Ambrose v.*

*Cyphers,* 29 *N. J.* 138, 150 (1959). In substance that in-struction was applied also by the Appellate Division to a left turn at a T-intersection in *Spillias v. Radics,* 65 *N. J. Super.* 458, 460 *(App. Div.* 1961).

O'Neil contends that the *Ambrose*-type instruction, while appropriate for a U-turn or a typical cross intersection or T-intersection, should not be used for a Y-intersection. He argues that he was not making an actual left turn but was merely following the contour of the roadway and further that Mrs. Davies was attempting to accomplish the same kind of maneuver in going south from the right arm of the Y.

We read *Ambrose* as an attempt to formulate a general instruction which may be made applicable to any vehicle movement across the path of other traffic. That instruction naturally relates to any type of left turn, whether it involves a right angle such as a typical cross or T-intersection, or an angle different from one of 90 degrees. *Ambrose* simply analyzed and formulated a legal principle pragmatically ap-plied for many years: that under certain special factual cir-cumstances commonly encountered in traffic cases, it is de-sirable to inform the jury that the particular situation calls for the exercise of an increased amount of care. See 29 *N. J.,* at *pp.* 146–149. See also *Pignatore v. Public Service Co-ordinated Transport,* 26 *N. J. Super.* 234, 237–239 *(App. Div.* 1953).

With this principle in mind, it is clear that an *Ambrose*-type instruction was necessary in the present case. The cru-cial factor is not the shape of the intersection but the attempt to cross in the path of an approaching vehicle. The O'Neil car was doing precisely that. The instruction requested was therefore appropriate. Moreover, since the Davies vehicle was also making a left turn across the path of the other vehicle, the instruction should be made applicable to both drivers upon any new trial.

We are not persuaded that the charge as given by the trial court embodied the essence of the *Ambrose* rule. There is, of course, no requirement that the precise language set

forth in *Ambrose* be employed, but its content must be reflected in the charge that is given. It is not enough to instruct the jury that they should determine whether, under the circumstances, reasonable care was exercised. In effect, this is all that the trial judge informed the jury in this case. He recognized this deficiency in granting the new trial.

Respondent also urges that the trial court erred in refusing to give other requested instructions. These requests, embodying as they do variations of the *Ambrose*-type charge, should be synthesized into one comprehensive instruction on the issue at the new trial.

We find no merit in the further ground advanced on Mrs. Davies' behalf that the comments of counsel were improper and prejudicial.

Affirmed.